PEOPLE v. STILWELL et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. CORPORATIONS (§ 596*)—ORGANIZATION—KIND—"ANY CORPORATION."

Gen. Corp. Law (Consol. Laws 1909, c. 23) § 36, providing that, "if any corporation" except a railroad, turnpike, or bridge corporation shall not organize or commence transacting its business or the discharge of its corporate duties within two years from the date of its incorporation, its corporate powers shall cease, applies to any corporation, whether incorporated under general statutes or by special statutes.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2386, 2387; Dec. Dig. § 596.*]

2. CORPORATIONS (§ 608*)—FORFEITURE OF FRANCHISE.

Gen. Corp. Law (Consol. Laws 1909, c. 23) § 36, providing that if any corporation, except a railroad corporation, etc., shall not organize or commence transacting its business within two years from the date of its incorporation its corporate powers shall cease, is self-executory, so that no judicial action is necessary to forfeit its corporate powers after the expiration of two years.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2416–2419; Dec. Dig. § 608.*]

3. CORPORATIONS (§ 592½*)—EXPIRATION OF CORPORATE POWERS.

Laws 1895, c. 1033, § 6, appointing the persons named commissioners to open books for subscriptions to the capital stock of the company at such times and places as the majority of them shall determine, did not repeal or suspend as to such corporation Gen. Corp. Law (Consol. Laws 1909, c. 23) § 36, providing that, if any corporation shall not organize and commence business within two years from its incorporation, its corporate powers shall cease.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 592½.*]

Appeal from Special Term, New York County.

Proceedings by the People of the State of New York against Arthur E. Stilwell and others. From a judgment at the Trial Term for plaintiff, defendants appeal. Affirmed.

See, also, 78 Misc. Rep. 96, 138 N. Y. Supp. 693; 142 N. Y. Supp. 1137.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Henry D. Estabrook, of New York City, for appellants.
Franklin Kennedy, Deputy Atty. Gen., for the People.

DOWLING, J. By chapter 1033, Laws of 1895, which became a law June 15, 1895, the Metropolis Finance Company was incorporated in this state. Under its charter, it was authorized to guarantee the payment of contracts, loan moneys, securities, and credits upon property, real and personal, upon such terms as may be agreed on, and invest its assets in such securities as savings banks and trust companies are authorized by the laws of the state to acquire, or in such securities or property as it is authorized to advance upon. It also had power to borrow money and receive the same in trust upon such terms as may be agreed upon, and to accept and execute any trust, duty,

power, and agency not inconsistent with the laws of this state, which may be committed to it by any person, corporation, or court. In fine, under its charter, all the general powers of a trust company are claimed. Nothing whatever was done, however, under this charter until the year 1910, when it fell into the possession of the United States & Mexican Trust Company, an Alabama corporation. Thereafter the individual defendants, who are in control of the United States & Mexican Trust Company, applied to the state department of insurance for leave to change the name of the Metropolis Finance Company to the United States & Mexican Trust Company, which was refused, on reference to the Attorney General, upon the ground that the charter of the Metropolis Company had expired and been forfeited. They tendered the organization tax to the State Treasurer, which was refused. They did pay certain taxes on franchises for the years 1910 and 1911 to the State Treasurer. Defendants have continued doing business in this state since 1910, without any license of any kind, and without complying with any of the provisions of law which govern the operations of trust companies.

[1] The question involved in this appeal is whether the Metropolis Finance Company was authorized to exercise corporate powers in the year 1910, or at any time thereafter. By section 36 of the General Corporation Law (Consol. Laws 1909, c. 23) it is provided that:

"If any corporation, except a railroad, turnpike, plankroad or bridge corporation, shall not organize and commence the transaction of its business or undertake the discharge of its corporate duties within two years from the date of its incorporation, its corporate powers shall cease."

This provision finds its origin in section 7 of 1 Revised Statutes of 1827 and 1828 (vol. 1; p. 600), where it is in the following form:

"If any corporation hereafter created by the Legislature, shall not organize and commence the transaction of its business within one year from the date of its incorporation, its corporate powers shall cease."

This forms part of title 3 "of the general powers, franchises and liabilities of corporations." This enactment remained in full force throughout the various revisions of the statutes, until by chapter 687, Laws of 1892 (§ 31), the period within which the corporation must commence business was extended to two years, and the law was put in the precise form in which it now appears in the General Corporation Law.

At the time of the granting of this charter the two-year period was in operation. Concededly the Metropolis Finance Company neither organized and commenced the transaction of business nor undertook the discharge of its corporate duties within two years after the date of its incorporation. It took no steps in this direction for 15 years. We believe that the provisions of the act applied, as its terms indicate, to any corporation, whether incorporated under general statute or by special enactment. No reason of public policy is indicated why the plain language of the act should not be enforced and all corporations brought within its operation. The policy of the state to limit the period within which corporations (save certain excepted classes) should begin the exercise of their powers has been a settled and continued one since

1827. Every corporation, whether formed under general or special laws, must be deemed to have been so formed subject to this general provision. The state had the right to determine upon what terms it would permit corporations to be organized. It had power to make restrictions upon the effectiveness of the powers it granted, and to limit the period of their exercise, not only by limiting their duration, but by limiting the time they might consume in actually commencing to exercise them. The grant of corporate powers to the Metropolis Finance Company was by the operation of the general law a conditional one. Compliance with the requirement for the commencement of business and the discharge of corporate duties within two years after the date of incorporation was a condition precedent to the right to exercise any corporate powers whatever. Upon failure to satisfy the condition within the time limited, the right to exercise such powers at once ceased.

[2] The statute is self-executory, and no action or judicial procedure was needed to declare or complete the loss of its corporate powers. Matter of Brooklyn, Winfield & Newton Railway, 72 N. Y. 245; Id., 75 N. Y. 335; Brooklyn Steam Transit Co. v. City of Brooklyn, 78 N. Y. 524; Matter of Brooklyn, Queens County & Suburban Railroad Company, 185 N. Y. 171, 77 N. E. 994; City of New York v. Bryan, 196 N. Y. 158, 89 N. E. 1095. From the view we take of this limitation as a condition precedent to the exercise of any corporate powers, it is unnecessary to discuss the effect of these cases upon the limitation, if viewed as a condition subsequent.

[3] Defendant further objects that the charter of the Metropolis Finance Company indefinitely postponed the date when the commencement of business was required, because it contained the following section:

"Sec. 6. John J. Jordan, William H. Walker and John H. Meyer shall be and they are hereby appointed commissioners to open books for subscriptions to the capital stock of the company, at such times and places as they or a majority of them shall determine."

This section was obviously inserted for the convenience of the incoporators. There is no intention disclosed thereby that the general provisions of law should not apply, or that the powers thereby conferred should not be exercised within the general period of two years, or that the discretion conferred upon them should extend beyond such period. The mere language of this section evinced no intention to repeal or suspend as to this corporation the general statute, and it did not extend the period limited for the commencement of business. Johnson v. Bush, 5 Barb. Ch. 207.

The judgment appealed from will therefore be affirmed with costs. All concur.